UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHYLLIS SWAN,<br><br>                Plaintiff,<br><br>-against-<br><br>SOTHEBY'S INC., and ROBERT EVERETT PAGE IV<br>                Defendants. | Case No.: 1:22-cv-10406 (MKV) |

**DEFENDANT SOTHEBY'S, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Paul Cossu
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel.: (212) 421-4100
Fax: (212) 798-6307

*Attorneys for Defendant Sotheby's, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

RELEVANT ALLEGATIONS AND FACTS ....................................................................3

    I.    BACKGROUND FACTS ALLEGED BY PLAINTIFF....................................3

    II.    SOTHEBY'S LEARNS OF PLAINTIFF'S AND PAGE'S
        COMPETING CLAIMS TO OWNERSHIP OF THE
        DRAWING ..........................................................................................................4

    III.    SOTHEBY'S FILES AN INTERPLEADER ACTION,
        AND THE PARTIES EXECUTE THE STIPULATION ..................................4

ARGUMENT .........................................................................................................................5

    I.    STANDARD OF REVIEW ................................................................................5

    II.    PLAINTIFF'S CLAIMS FOR CONVERSION AND
        AIDING AND ABETTING CONVERSION AGAINST
        SOTHEBY'S FAIL ..............................................................................................6

        A.    The Complaint Concedes That Sotheby's Has
            Not Defied Plaintiff's Alleged Right to the
            Drawing ......................................................................................................6

        B.    Even Accepting Plaintiff's Allegations as True,
            Plaintiff's Conversion Claim is Barred by the
            Statute of Limitations ................................................................................8

        C.    Plaintiff Also Fails to State a Claim Against
            Sotheby's for Aiding and Abetting Page's Alleged
            Conversion of the Drawing ........................................................................9

    III.    PLAINTIFF'S CLAIM FOR REPLEVIN FAILS FOR
        THE SAME REASONS HER CONVERSION CLAIM
        FAILS ..................................................................................................................10

    IV.    PLAINTIFF'S BASELESS CLAIM FOR ABUSE OF
        PROCESS MUST ALSO BE DISMISSED ....................................................11

CONCLUSION ....................................................................................................................14

## **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*In re Agape Litig.*,
  773 F. Supp. 2d 298 (E.D.N.Y. 2011) ..................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................5

*Asia TV USA, LTD. v. Total Cable USA LLC*,
  No. 16-CV-6873 (AJN), 2018 WL 1626165 (S.D.N.Y. Mar. 29, 2018) ...........................12, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................5

*Berry v. Deutsche Bank Tr. Co. Ams.*,
  No. 07 Civ. 7634(WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008),
  *aff'd,* 378 F. App'x 110 (2d Cir. 2010) .....................................................................................9

*Borison v. Cornacchia*, No. 96 CIV. 4783 (AJP),
  1997 WL 232294 (S.D.N.Y. May 7, 1997) ............................................................................6

*Chemical Bank v. Ettinger*,
  196 A.D.2d 711 (1st Dep't 1993) ............................................................................................6

*Colliton v. Cravath, Swaine & Moore LLP*,
  No. 08 CIV 0400 (NRB), 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008),
  *aff'd*, 356 F. App'x 535 (2d Cir. 2009) ....................................................................................7

*Cumis Ins. Soc'y, Inc. v. Citibank, N.A.*,
  921 F. Supp. 1100 (S.D.N.Y. 1996) ........................................................................................7

*Curiano v. Suozzi*,
  63 N.Y.2d 113 (N.Y. 1984) ..............................................................................................12, 13

*Douglas v. City of N.Y.*,
  595 F. Supp. 2d 333 (S.D.N.Y. 2009) ....................................................................................12

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*,
  747 F.3d 145 (2d Cir. 2014) ....................................................................................................7

*Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*,
  77 F. Supp. 3d 364 (S.D.N.Y. 2015) .......................................................................................7

*Gulf Island Shipyards, LLC v. Mediterranean Shipping Co. (USA), Inc.*,
  No. 1:22-CV-01018 (MKV), 2023 WL 2691566 (S.D.N.Y. Mar. 29, 2023) .......................5, 6

*International Bus. Machines Corp. v. BGC Partners, Inc.*,
   10 Civ. 128 (PAC), 2013 WL 1775367 (S.D.N.Y. Apr. 25, 2013) ..........................................11

*Kolbeck v. LIT Am., Inc.*,
   939 F. Supp. 240 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998) ...............................9, 10

*Manhattan Enter. Grp. LLC v. Higgins*,
   816 F. App'x 512 (2d Cir. 2020) ..................................................................................................13

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*,
   693 F. Supp. 2d 387 (S.D.N.Y. 2010) ..........................................................................................9

*McMahan v. McMahan*,
   164 A.D.3d 1486 (2d Dep't 2018) ..............................................................................................13

*Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*,
   No. 12-CV-974 KMK, 2015 WL 5729969 (S.D.N.Y. Sept. 30, 2015) ......................................14

*Regions Bank v. Wieder & Mastroianni, P.C.*,
   526 F. Supp. 2d 411 (S.D.N.Y. 2007), *aff'd*, 268 F. App'x 17 (2d Cir. N.Y.
   2008) .........................................................................................................................................6, 7

*Sanchez v. University of Pa. Museum of Archaeology & Anthropology*,
   No. 04 CIV. 1253 (JSR), 2004 WL 1621184 (S.D.N.Y. July 20, 2004) ..................................8, 9

*Solomon R. Guggenheim Foundation v. Lubell*,
   77 N.Y.2d 311 (1991) .................................................................................................................11

*SPV OSUS Ltd. v. AIA LLC*,
   No. 15-CV-619 (JSR), 2016 WL 3039192 (S.D.N.Y. May 26, 2016), *aff'd sub
   nom. SPV Osus Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018) ..................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................1, 5

N.Y. C.P.L.R. 214 (3) ..........................................................................................................................8

Defendant Sotheby's Inc. ("Sotheby's") respectfully submits this memorandum of law in support of its motion (the "Motion"), pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff Phyllis Swan's ("Plaintiff" or "Swan") First Amended Complaint, dated April 17, 2023 (ECF No. 10) (the "FAC").

## PRELIMINARY STATEMENT

This case primarily concerns Plaintiff's claims to ownership of, and right of possession to, a drawing (the "Drawing") by the artist Jean-Michel Basquiat. Plaintiff alleges that she is the true owner of the Drawing and that it was wrongfully taken by defendant Robert Everett Page IV ("Page") in or about 1989, shortly after the death of Plaintiff's business partner, Isaia Rankin ("Rankin"). Sotheby's has never claimed an ownership interest in the Drawing, and has merely held it as a consignee/bailee since 2019. Whoever this Court ultimately determines has the superior right to the Drawing, it does not change the fact that Plaintiff has no claims against Sotheby's, as ***Plaintiff has already executed a Court-ordered stipulation that authorizes Sotheby's to hold the Drawing, and not release it to either Plaintiff or Page, until instructed to do so by a court***.

In 2020, after efforts to mediate the ownership dispute between Plaintiff and Page were unsuccessful, Sotheby's brought an interpleader action in the Supreme Court of the State of New York (the "Interpleader Action") to resolve the competing claims of Plaintiff and Page. Following an initial hearing in the Interpleader Action, all three parties entered into a stipulation (the "Stipulation") that provided that Sotheby's would hold the Drawing pending an adjudication of Plaintiff's and Page's competing ownership claims to the Drawing. Plaintiff, having failed to pursue an adjudication of her ownership claim for three years, now brings multiple causes of action against Sotheby's that are directly contradicted by the terms of the Stipulation, and which are supported only by inflammatory rhetoric and *ad hominem* that has no place in this District.

1

Put simply, Sotheby's has complied with its legal obligations under the Stipulation, and Plaintiff has no valid cause of action against Sotheby's. Plaintiff's claims for conversion, aiding and abetting conversion, and replevin, are defeated by both the Stipulation to which she is a party, and by the allegations in her own Complaint. As set forth below, Plaintiff's claim to ownership of the Drawing expired long ago, and cannot withstand application of the statute of limitations. Even if it could, Plaintiff specifically authorized Sotheby's possession of the Drawing in the Stipulation until such time as either (1) Plaintiff and Page jointly directed the release of the Drawing, or (2) "pending an instruction from the Court." Neither event has occurred. That fact alone defeats her claims for (i) conversion and (ii) aiding and abetting conversion outright, and makes her claim for replevin unsustainable, as Plaintiff has no entitlement to possession of the Drawing at this time.

Finally, Plaintiff's claims for abuse of process is flatly contradicted by New York law. The filing of a summons and complaint is *per se* incapable of being abused, and it is the only act of alleged abuse in which Plaintiff claims Sotheby's engaged. Because Plaintiff's claims are without merit, the FAC should be dismissed with prejudice, and Sotheby's should be awarded its attorneys' fees for Plaintiff's breach of the Stipulation.

## RELEVANT ALLEGATIONS AND FACTS[1]

### I. BACKGROUND FACTS ALLEGED BY PLAINTIFF

Plaintiff claims to be true owner of the Drawing. (*See* FAC ¶¶ 15-28.) Plaintiff appears to base her ownership claim on the Drawing being a "business asset" of a business called "Fertility," which plaintiff claims to have owned with Mr. Rankin. (*See id.* ¶¶ 61-63; Exhibit B.) Plaintiff asserts that at some point at or about the time of Mr. Rankin's death, "employees who had worked with Mr. Rankin, looted the belongings at the 113 Spring Street and 240 West 38th Street locations, taking things after his death without Ms. Swan or Mr. Rankin's estate's permission." (*Id.* ¶ 25.)

As alleged by Plaintiff, within a few years following Rankin's death:

> Ms. Swan started to put her life back together and she began looking though the Fertility boxes for the Basquiat artwork. Initially, she could not find the artwork but was unsure whether she had missed it in her search or whether it had been taken years earlier by one of Mr. Rankin's employees in New York.

(*Id.* ¶ 26.) One of "Mr. Rankin's employees in New York" was defendant Page, who Plaintiff knew and who Plaintiff concedes "worked primarily on the [Fertility] project with Barney's and with Mr. Rankin on other fashion ideas." (*Id.* ¶ 21.) According to Plaintiff, "Page worked primarily at a business location at 240 West 38th Street but had access to the location at 113 Spring Street where the Fertility boxes were located." (*Id.* ¶ 22.)

While Plaintiff alleges that she searched for the Drawing for "almost 30 years," the FAC contains no allegations that Plaintiff ever sought to contact Page or any other of "Mr. Rankin's employees in New York" to inquire as to whether they were in possession of the Drawing. (*Id.* ¶ 29.)

---

[1] For purposes of this Motion, Sotheby's accepts the allegations in Plaintiff's FAC (ECF No. 10) as true, without waiving its right to contest the facts alleged at a later stage in this litigation. In particular, the Complaint contains a series of baseless allegations disparaging Sotheby's and its employees and agents. Such frivolous assertions are irrelevant to Plaintiff's claims, and Sotheby's does not address or dignify them in this Motion.

3

## II.  SOTHEBY'S LEARNS OF PLAINTIFF'S AND PAGE'S COMPETING CLAIMS TO OWNERSHIP OF THE DRAWING

In August 2019, Page consigned the Drawing to Sotheby's, pursuant to a written consignment agreement. (*See* FAC ¶ 7.) Page told Sotheby's that he received the Drawing as a gift from Rankin, shortly before Rankin's death, as a token of appreciation for Page having taken care of Rankin during his illness. (*Id.* ¶ 41.) In the fall of 2019, Sotheby's offered the Drawing at auction. (*Id.* ¶ 48.) The Drawing was sold for $40,000 to the highest bidder (the "Purchaser") on or about October 2, 2019. (FAC ¶ 99.)

After the sale of the Drawing, Plaintiff's counsel contacted Sotheby's for the first time and asserted a new competing claim of ownership over the Drawing. (*Id.* ¶ 50.) In light of the title claim asserted by Plaintiff, and as requested by Plaintiff's counsel (*see id.* ¶ 67), Sotheby's rescinded the sale of the Drawing to the Purchaser and took possession of the Drawing. (*Id.* ¶ 108.)

## III.  SOTHEBY'S FILES AN INTERPLEADER ACTION, AND THE PARTIES EXECUTE THE STIPULATION

Unable to mediate a resolution between Plaintiff and Page as to ownership of the Drawing, on January 8, 2020, Sotheby's brought the Interpleader Action in the Supreme Court of the State of New York, seeking relief from the court in the form of resolving the competing claims to the Drawing so that Sotheby's would not be exposed to liability based on multiple claims. (Cossu Declaration, Exhibit A.)

Following a hearing in front of Justice Carol Edmead, Sotheby's, Swan, and Page entered into the Stipulation, which provides, in part, that:

> 2. Claimants [Swan and Page] agree to Sotheby's request to withdraw from this action, Index No. 650283/2020, ***and the Claimants will continue to adjudicate their claims to title to [the Drawing] directly between themselves***;

4

>   3. ***Sotheby's agrees to hold the artwork at issue***, without cost (of storage or insurance) to any Claimant, ***pending an instruction from the Court, or by both of the Claimants, as to which Claimant the artwork is to be released to***;

(ECF No. 10-4 at 2; emphasis added.)

Sotheby's has not received (i) an instruction from Justice Edmead or (ii) a joint instruction from Plaintiff and Page, and, accordingly, Sotheby's continues to "hold" the Drawing, as required by the Stipulation. *See id.* Notwithstanding these undisputed facts, on December 8, 2022, Plaintiff brought this action against Sotheby's and Page, in which the FAC now alleges, despite attaching Plaintiff's signed Stipulation as Exhibit D to the FAC, that Plaintiff "never agreed to Defendant Sotheby's holding the [Drawing] . . . ." (*See* FAC ¶ 90.)

## ARGUMENT

### I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

On a Rule 12(b)(6) motion, the Court considers allegations in the complaint, as well as documents that are "either incorporated by reference in or integral to" the complaint. *Gulf Island Shipyards, LLC v. Mediterranean Shipping Co. (USA), Inc.*, No. 1:22-CV-01018 (MKV),

2023 WL 2691566, at *2 n.7 (S.D.N.Y. Mar. 29, 2023). Such documents are "deemed part of the pleading." *Id.* at *3 (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

## II. PLAINTIFF'S CLAIMS FOR CONVERSION AND AIDING AND ABETTING CONVERSION AGAINST SOTHEBY'S FAIL

Under New York law, in order to maintain a claim for conversion, a plaintiff must demonstrate both her "'legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights.'" *Regions Bank v. Wieder & Mastroianni*, *P.C.*, 526 F. Supp. 2d 411, 413 (S.D.N.Y. 2007), *aff'd*, 268 F. App'x 17 (2d Cir. N.Y. 2008) (citations omitted).

Even if Plaintiff could establish that she once had an ownership of the Drawing as a "business asset" of her claimed partnership with Rankin, Plaintiff's claim for conversion must fail. First, Plaintiff cannot establish Sotheby's "exercise of dominion over or interference with the [Drawing] in defiance of the plaintiff's rights." Second, even if Plaintiff could allege Sotheby's interference with the Drawing in defiance of Plaintiff's rights despite the Stipulation, Plaintiff's claims are time-barred under New York law.

### A. The Complaint Concedes That Sotheby's Has Not Defied Plaintiff's Alleged Right to the Drawing

By her own admission, Plaintiff not only authorized, ***but demanded***, that Sotheby's take possession of the Drawing. (FAC ¶ 108.) Second, Plaintiff executed the Stipulation, by which she agreed that Sotheby's would keep possession of the property and would not release the property to her (or anyone else) without a direction from both Swan and Page, or a court order. (*Id.* ¶¶ 87-89.)

Where, as here, a plaintiff has expressly authorized the act complained of, plaintiff's claim for conversion fails. *See Chemical Bank v. Ettinger*, 196 A.D.2d 711, 714 (1st Dep't 1993) (finding the lower court erred in denying a bank's motion to dismiss an action for conversion when the

6

party asserting the claim had "expressly authorized" the bank to set off his debts using money in his accounts); *see also Cumis Ins. Soc'y, Inc. v. Citibank, N.A.*, 921 F. Supp. 1100, 1109 (S.D.N.Y. 1996) (dismissing claim for conversion when defendant's acts were expressly authorized by statute).

Accordingly, Plaintiff cannot state a cause of action for conversion against Sotheby's, since Plaintiff concededly authorized the delivery of the Drawing to Sotheby's and then executed the Stipulation directing Sotheby's to hold the Drawing pending instruction.[2] *See Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, 77 F. Supp. 3d 364, 371 (S.D.N.Y. 2015) (dismissing claim for conversion where the plaintiff had "proclaim[ed] that [defendant] lacked an ownership interest in the goods, but . . . fail[ed] to specifically allege facts that support its conclusory assertion or rule out the possibility that [defendant] maintained a superior possessory interest"); *see also Regions Bank*, 526 F. Supp. 2d at 416 (dismissing the claim when defendant did not "improperly deprive another person of what was rightfully his").

---

[2] Plaintiff's contradictory statement that she "never directed Defendant Sotheby's to hold the artwork, never agreed to Defendant Sotheby's holding the artwork, and never agreed with the conditions set by Sotheby's for release of the artwork," (FAC ¶ 90), should not be considered, even on a motion to dismiss. "Although factual allegations of a complaint are normally accepted as true on a motion to dismiss . . . that principle does not apply to general allegations that are contradicted by more specific allegations in the Complaint." *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151–52 (2d Cir. 2014) (internal citations and quotation marks omitted). Furthermore, this statement, which Plaintiff added upon amending her complaint, contradicts alleged facts demonstrating that Plaintiff authorized Sotheby's to hold the artwork that appeared in the original complaint. (*See* ECF No. 1 ¶¶ 25, 28, 43.) When a Plaintiff "'directly contradicts the facts set forth in [her] original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009) (quoting *Wallace v. New York City Dep't of Corr.*, No. 95 Civ. 4404 (SJ), 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996)).

### B. Even Accepting Plaintiff's Allegations as True, Plaintiff's Conversion Claim is Barred by the Statute of Limitations

By its own admissions, the FAC establishes that Swan's claims to the Drawing are time-barred under New York law. The Complaint alleges that Rankin's employees "looted the belongings at the 113 Spring Street and 240 West 38th Street [business] locations" around 1989. (*See* FAC ¶ 25.) It also alleges that Page had access to both locations as Rankin's employee. (*Id*. ¶ 22.) Therefore, Plaintiff has alleged that Page is not a good-faith purchaser of the Drawing, but someone who wrongfully took the Drawing at some point in the late-1980s or early 1990s and has been in possession of the Drawing since that time. While Plaintiff alleges that she searched for the Drawing for "almost 30 years," the FAC contains no allegations that Plaintiff ever sought to contact Page or any other of "Mr. Rankin's employees in New York" to inquire as to whether they were in possession of the Drawing. (*Id.* ¶ 29.)

"Where the party in possession of the chattel is a thief, the statute of limitations runs from the time of the theft." *Sanchez v. University of Pa. Museum of Archaeology & Anthropology*, No. 04 CIV. 1253 (JSR), 2004 WL 1621184, at *1 (S.D.N.Y. July 20, 2004) (citing *Solomon R. Guggenheim Foundation v. Lubell,* 77 N.Y.2d 311, 318 (1991) ("Although seemingly anomalous, a different rule applies when the stolen object is in the possession of the thief. In that situation, the Statute of Limitations runs from the time of the theft, even if the property owner was unaware of the theft at the time that it occurred")) (internal citation & citation omitted). The three-year statute of limitations that applies to Plaintiff's conversion claim therefore expired in the 1990s. *See* N.Y. C.P.L.R. 214(3) (establishing that an action to recover a chattel must be commenced within three years under New York law).

According to the Complaint, the statute of limitations expired over twenty years ago, and Swan forfeited any legal ownership over the Drawing at that time. Today, she cannot state a claim

8

for conversion against Sotheby's (or even Page) based on her allegations. *See Sanchez*, 2004 WL 1621184 at *1 (finding that if a thief took possession of the property at issue decades before the plaintiffs brought their claim for conversion, "there [was] no possibility that plaintiffs could prevail in New York state . . . [on] a claim for conversion . . . because such a claim [was] plainly time-barred under New York law.").

### C. Plaintiff Also Fails to State a Claim Against Sotheby's for Aiding and Abetting Page's Alleged Conversion of the Drawing

Under New York law, a plaintiff states a claim for aiding and abetting conversion when she alleges "the existence of a primary violation, actual knowledge of the violation on the part of the aider and abettor, and substantial assistance." *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 393 (S.D.N.Y. 2010) (citations omitted).

First, for the reasons explained in I.B. (*supra*), Swan's claim for conversion against Page must fail. Without an adequately alleged primary violation, Plaintiff's aiding and abetting claim fails on the first prong. *Marketxt Holdings Corp.*, 693 F. Supp. 2d at 397 (finding that the underlying claim for conversion was barred by statute of limitations, and therefore the associated aiding and abetting claim must be dismissed); *Berry v. Deutsche Bank Tr. Co. Ams.*, No. 07 Civ. 7634(WHP), 2008 WL 4694968, at *9 (S.D.N.Y. Oct. 21, 2008), *aff'd,* 378 F. App'x 110 (2d Cir. 2010) ("To allege a claim for aiding and abetting a conversion, a plaintiff must sufficiently allege that a conversion has occurred.") (citation omitted).

Second, New York law requires Plaintiff to allege that Sotheby's had actual knowledge of Page's alleged conversion, and the Complaint falls far short of doing so. New York courts require actual knowledge on the part of the alleged aider and abettor. *Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998). At best, Swan alleges that Sotheby's *should have known* of Page's alleged conversion. (*See* FAC ¶ 42 ("Sotheby's had not

9

received any documentation to support Defendant Page's claim that the work had been gifted to him."); ¶ 43 (stating Sotheby's did not contact Rankin's heirs or Swan regarding the Drawing prior to the auction); ¶¶ 45, 47 (alleging that Page's explanation of his ownership of the Drawing contained "red flags")).

New York courts have explicitly rejected the proposition that such assertions adequately allege actual knowledge. *See Kolbeck.*, 939 F. Supp. at 246 ("New York common law, which controls the analysis here, has not adopted a constructive knowledge standard for imposing aiding and abetting liability. Rather, New York courts and federal courts in this district, have required actual knowledge."); *In re Agape Litig.*, 773 F. Supp. 2d 298, 318 (E.D.N.Y. 2011) (noting that obliviousness "to certain 'red flags' w[as] insufficient to support an inference of actual knowledge") (citation omitted).

Third, Plaintiff includes no allegations that Sotheby's substantially assisted Page's alleged conversion of the Drawing. "Substantial assistance requires the plaintiff to allege that the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." *SPV OSUS Ltd. v. AIA LLC*, No. 15-CV-619 (JSR), 2016 WL 3039192, at *6 (S.D.N.Y. May 26, 2016), *aff'd sub nom. SPV Osus Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018). Swan alleges that Page was an employee, that employees looted her and Rankin's business locations around the time of Rankin's death in July 1989, and that Swan knew she had lost the Drawing "within a few years" after that. (FAC ¶¶ 21-28.) The Complaint contains no allegation that Sotheby's had any contact with Page before 2019 and therefore fails to allege any involvement—no less "substantial assistance"—by Sotheby's in Page's alleged tort.

### III. PLAINTIFF'S CLAIM FOR REPLEVIN FAILS FOR THE SAME REASONS HER CONVERSION CLAIM FAILS

"'To establish a claim for replevin, the plaintiff must prove two elements: (1) that plaintiff has a possessory right superior to that of the defendant; and (2) that ***plaintiff is entitled to the immediate possession of that property***.'" *International Bus. Machines Corp. v. BGC Partners, Inc.*, 10 Civ. 128 (PAC), 2013 WL 1775367, at *9 (S.D.N.Y. Apr. 25, 2013) (citations omitted; emphasis added).

The Stipulation defeats Plaintiff's claim for replevin. Plaintiff has agreed, by contract, that she is not entitled to immediate possession of the Drawing. To the contrary, Plaintiff is only entitled to receive the Drawing from Sotheby's pursuant to "instruction from the Court" or if Plaintiff and Page instruct Sotheby's to release the Drawing to Plaintiff. (*See* ECF No. 10-4.) Plaintiff has failed to allege the occurrence of either event, and no claim for replevin lies against Sotheby's as a result.

As discussed with respect to Plaintiff's claim for conversion (*supra* at I.B.), Swan's inability to allege that she has a possessory right superior to that of Sotheby's defeats her claim for replevin as a matter of law. Swan has alleged that Page was not a good-faith purchaser of the Drawing,[3] (FAC ¶ 25), and her claim to a superior possessory right to the Drawing is therefore governed by a long-expired three-year statute of limitations. *See Lubell*, 77 N.Y.2d at 318 (applying the rule that "the Statute of Limitations runs from the time of the theft, even if the property owner was unaware of the theft at the time that it occurred" to dismiss a claim for replevin) (internal citation omitted).

---

[3] Plaintiff's statement in the FAC that she "does not assert that Defendant Page stole the artwork," (FAC ¶ 40), should not be considered for the same reasons discussed *supra* at Footnote 2. Plaintiff does not, and cannot, assert that Page is a good-faith purchaser, and is bound by the distinction set forth in *Lubell* accordingly.

11

## IV.  PLAINTIFF'S BASELESS CLAIM FOR ABUSE OF PROCESS MUST ALSO BE DISMISSED

To allege abuse of process under New York law, a plaintiff must establish that the defendant (1) used a "regularly issued process, either civil or criminal," (2) had an "intent to do harm without excuse or justification," and (3) used the process "in a perverted manner to obtain a collateral objective." *Asia TV USA, LTD. v. Total Cable USA LLC*, No. 16-CV-6873 (AJN), 2018 WL 1626165, at *4 (S.D.N.Y. Mar. 29, 2018) (citing *Curiano v. Suozzi,* 63 N.Y.2d 113, 116 (N.Y. 1984)).

As this Court explained in *Douglas v. City of N.Y.*, 595 F. Supp. 2d 333 (S.D.N.Y. 2009), "[t]he crux of . . . [the] abuse of process claim is the collateral objective element. To meet this element, a plaintiff must prove not that defendant acted with an improper motive, but rather an improper purpose—that is . . . [the defendant] aimed to achieve a collateral purpose beyond or in addition to" the use of process itself. *Douglas*, 595 F. Supp. 2d at 344. Swan has alleged no such use of civil process to achieve an objective beyond the relief Sotheby's sought in its complaint.

Plaintiff makes a conclusory allegation that "[a]t all times" Sotheby's "pursued its collateral objective of profiting from the sale of the [Drawing]." (FAC ¶ 95.) She lists four ways Sotheby's allegedly "pursued" that objective, none of which implicate abuse of process. To the extent Plaintiff would suggest that alleging Sotheby's "ma[de] false statements in its interpleader complaint" supports a claim for abuse of process, precedent makes plain that the "institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Asia TV USA, Ltd.*, 2018 WL 1626165, at *4 (citations omitted).

The rule applies even when a plaintiff alleges that defendant brought the action in bad faith or for purposes of retaliation. In *Curiano*, plaintiff alleged that defendant's prior action for libel "was not to remedy a wrong believed in good faith to have been committed but was brought . . . to

12

punish the plaintiffs for exercising their constitutional right to free speech and to participation in the public election process." *Curiano*, 63 N.Y.2d at 115-16. The New York Court of Appeals affirmed the lower court's dismissal of the action for abuse of process, because plaintiffs "[did] not contend that the summons issued by defendants was improperly used after it was issued but only that defendants acted maliciously in bringing the action . . . [and a] malicious motive alone . . . does not give rise to a cause of action for abuse of process." (*Id.* at 117.)

Plaintiff's allegations suffer from the same defects. She alleges that Sotheby's "choice" to institute the Interpleader Action was motivated by a desire to retaliate against her and to "profit from the sale of the artwork." (FAC ¶ 133.) Taking these allegations as true, Plaintiff has alleged only that Sotheby's "acted maliciously in bringing the action" and not that Sotheby's improperly used legal process. In fact, the Complaint alleges that, following Sotheby's filing of the Interpleader Action, Judge Edmead steered the course of the action's resolution, not Sotheby's. (*Id*. ¶¶ 87-89.)

Plaintiff's other allegations aim to make the Interpleader Action appear frivolous. Even if those allegations could be accepted despite Sotheby's success in the action (FAC ¶87-88), they would not support her claim for abuse of process. Alleged frivolous, meritless and bad faith litigation that requires a plaintiff to pay legal fees is "not a sufficient basis for a cause of action sounding in abuse of process." *McMahan v. McMahan*, 164 A.D.3d 1486, 1488 (2d Dep't 2018) (citation omitted); *Manhattan Enter. Grp. LLC v. Higgins*, 816 F. App'x 512, 514 (2d Cir. 2020) (affirming dismissal of claim alleging "[d]efendants filed and prosecuted a series of duplicative, frivolous, and malicious lawsuits aimed at harassing [p]laintiffs and draining their resources"); *Asia TV USA, Ltd.*, 2018 WL 1626165, at *5 (dismissing a claim for abuse of process where

13

plaintiffs alleged that the prior litigation was "meritless and that the action was initiated in bad faith" and "complain[ed] that they . . . had to pay legal fees to defend the action").

Furthermore, Plaintiff's claim for abuse of process is barred by the one-year statute of limitations that applies to intentional torts under New York law. *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-CV-974 KMK, 2015 WL 5729969, at *28 (S.D.N.Y. Sept. 30, 2015)(dismissing an abuse of process claim based on the one-year statute of limitations)(citing *Borison v. Cornacchia*, No. 96 CIV. 4783 (AJP), 1997 WL 232294, at *1 (S.D.N.Y. May 7, 1997)("[A]ll appellate courts . . . recognize that a claim for damages for an intentional tort such as abuse of process is subject to the one-year limitations period.")). Sotheby's filed the Interpleader Action in January 2020. (Cossu Decl., Ex. A.) Judge Edmead entered the Stipulation resolving the Interpleader Action in February 2020. (ECF No. 10-4.) Over three years later, Plaintiff's claim for abuse of process based on the Interpleader Action is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Sotheby's respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice, and that the Court award Sotheby's such other and further relief as deemed just and proper.

Dated: New York, New York
       May 19, 2023

**PRYOR CASHMAN LLP**

By: *Paul Cossu*
    Paul Cossu
    pcossu@pryorcashman.com
    7 Times Square
    New York, New York 10036
    Tel: (212) 421-4100

*Attorneys for Defendant Sotheby's, Inc.*