Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312


**Notice of Motion to Dismiss and Opposition to Claim of Ownership**

**To the Honorable Judge Mary Kay Vyskocil and all parties of record:**

**I. Introduction**

The Respondent, Robert Page, respectfully moves this Court for an order dismissing the claim brought by Phyliss Swan regarding the ownership of a drawing by Jean Michel Basqiuat. The Respondent asserts that the item was a valid inter vivos gift received over 25 years ago, and that the Claimant's claim is barred by the statute of limitations, lack of standing, and failure to present any evidence of wrongful gifting or superior title.


**II. Factual Background**

- **Date and Circumstances of Gift:** On or about the first half of 1989, over 25 years ago, Isaia Rankin gifted a Jean Michel Basqiat drawing to Robert Page. Mr. Rankin clearly expressed his intent to gift the item to Robert Page at that time.
- **Delivery and Acceptance:** Mr. Page received physical delivery of the item and accepted it.
- **Continuous Possession:** Mr. Page has maintained continuous possession and control of the item since the date of the gift.
- **Claimant's Lack of Relationship:** The Claimant, Phyliss Swan, has no demonstrable legal claim to the estate of Isaia Rankin, nor any proven interest in Isaia NYC LLC.
- **Claimant's Lack of Corporate Standing:** The Claimant has provided no evidence that she was ever an owner or officer of Isaia NYC LLC.

**III. Legal Argument**


**A. Dismissal Based on Statute of Limitations**

- New York law imposes statutes of limitations on various legal claims. For claims involving the recovery of personal property, the statute of limitations is generally three years. See CPLR 214.
- The Claimant's claim, brought over 25 years after the alleged gift, is significantly time-barred.
- The Claimant should have brought any claim regarding the alleged wrongful gifting at the time of the gift or within a reasonable period thereafter. The Claimant's failure to do so constitutes inexcusable delay and warrants dismissal.

## B. Valid Inter Vivos Gift

- To establish a valid inter vivos gift under New York law, the following elements must be proven:
    - Intent on the part of the donor to make the gift.
    - Delivery of the property to the donee.
    - Acceptance of the gift by the donee.
- In this case, all elements of a valid inter vivos gift are present. Isaia Rankin intended to gift the item, delivered it to Robert Page, and Robert Page accepted it.
- There is no evidence of a wrongful gifting. The claimant has provided no evidence to contradict the fact that this was a valid gift.

## C. Lack of Standing and Failure to Establish Superior Title

- The Claimant, Swan, lacks standing to bring this claim.
- The Claimant has failed to establish any legal interest in the estate of Isaia Rankin or in Isaia NYC LLC.
- The Claimant has failed to provide any evidence of ownership or a right to claim the item.
- The Claimant, speaking on behalf of Isaia Rankin, has no right to do so.
- The burden of proof is on the claimant to prove that I do not have good title. They have failed to provide any law that states I do not have good title.
- If the item was a company asset, then the legal challenge should be against the company. Not against the person whom received the gift.

## D. Corporate Asset Argument

- If, as the Claimant alleges, the item was a corporate asset of Isaia NYC LLC, then any legal challenge should be directed against the company, not against Robert Page, as an individual.

- The Claimant has provided no evidence that she has the right to represent the company or to claim any assets on its behalf.
- The claimant has provided no proof of being an officer or owner of the company.

### IV. Conclusion

For the foregoing reasons, the Respondent, Robot Page, respectfully requests that the Court:

- Dismiss the Claimant's claim with prejudice.
- Declare that Robert Page is the rightful owner of the drawing.
- Grant such other and further relief as the Court deems just and proper.

**WHEREFORE,** Respondent respectfully requests that the Court grant the relief sought herein.

Respectfully submitted,

Robert Page

P. O. Box 495

Shelter Island Heights, NY 11965