USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHYLLIS SWAN,

                Plaintiff,

        -against-

SOTHEBY'S INC., and ROBERT
EVERETT PAGE IV,

                Defendants.

---

1:22-cv-10406 (MKV)

**OPINION AND ORDER DENYING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

In its current posture, this case involves a dispute between Plaintiff Phyllis Swan ("Swan"), who is represented by counsel, and Defendant Robert Everett Page IV ("Page'), who is proceeding *pro se*, about the ownership of a prototype business card by artist Jean-Michel Basquiat (the "Drawing"). In her operative First Amended Complaint ("FAC"), [ECF No. 10], Swan sued both Sotheby's Inc. and Page asserting claims for (1) conversion against both, (2) replevin against Sotheby's only, (3) declaratory judgment, against Page only, that she is the rightful owner of the Drawing, (4) abuse of process against Sotheby's only, and (5) aiding and abetting conversion against Sotheby's only. *See* FAC. The Court previously granted a motion by both Defendants to dismiss in its entirety the First Amended Complaint. [ECF No. 27]. The Second Circuit vacated dismissal of the conversion claim and declaratory judgment claim with respect to Page only, but otherwise affirmed the Court's judgment, and remanded for further proceedings.[1] [ECF Nos. 31, 33].

Now before the Court is a renewed motion by Defendant Page to dismiss the First Amended Complaint. [ECF No. 39]. For the reasons set forth below, the motion is denied.

---

[1] Plaintiff did not appeal the Court's dismissal of her claims against Sotheby's and the Second Circuit otherwise affirmed dismissal of those claims. [ECF No. 31]. Accordingly, Sotheby's is no longer a party to this case.

## BACKGROUND[2]

In the 1980s, Swan and fashion designer Isaia Rankin opened Fertility, a retail clothing store located in New York City.  FAC ¶¶ 10-12.  Swan contends the Drawing was a business asset of Fertility.  FAC ¶¶ 15-20, 36, 62.  Rankin hired several employees, including Page.  FAC ¶ 21. After Rankin died in 1989, Fertility employees "looted the belongings" at two of Fertility's business locations and took items "without [Swan] or [Rankin's] estate's permission."  FAC ¶ 25. After moving to Ohio some years later with boxes of documents from Fertility, Swan began looking for, but could not find, the Drawing.  FAC ¶¶ 25-29.  The Drawing remained missing for "almost 30 years" until Swan learned it was up for auction by Sotheby's.  FAC ¶¶ 29-30.

In August 2019, Page had consigned the Drawing to Sotheby's and it was sold at auction in October 2019.  FAC ¶¶ 39, 48.  Swan alleges the Drawing could have been stolen by Page, but she does not know for certain.  FAC ¶¶ 27-28, 40, 123.  Swan alleges that Page claimed Rankin gifted him the drawing before Rankin died in exchange for Page taking care of Rankin while Rankin was ill.  FAC ¶¶ 41, 56.  She alleges that even if Rankin gifted the Drawing to Page, the Drawing is still hers because it was a business asset of Fertility and she never consented to the gift. FAC ¶¶ 40, 64, 104, 123.

In early October 2019, after the Drawing had been sold and received by a buyer, but before Page received any proceeds, Swan contacted Sotheby's but was rebuffed.  FAC ¶ 50.  After much back and forth between Swan and Sotheby's concerning ownership of the Drawing, on December 10, 2019, Swan demanded that Sotheby's return to the Drawing to her.  FAC ¶¶ 50-73.

---

[2] The relevant facts are taken from the First Amended Complaint, and for purposes of resolving this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court recounts only the pertinent underlying facts and procedural history of this case and otherwise assumes the parties familiarity with them which are detailed in both this Court's prior order of dismissal, *see  Swan v. Sotheby's Inc.*, No. 1:22-CV-10406 (MKV), 2023 WL 7183762, at *1 (S.D.N.Y. Nov. 1, 2023), a*ff'd in part, vacated in part, remanded sub nom. Swan v. Page*, No. 23-7912-CV, 2024 WL 5165516 (2d Cir. Dec. 19, 2024) and the Second Circuit's decision on appeal.  *See Swan v. Page*, No. 23-7912-CV, 2024 WL 5165516 (2d Cir. Dec. 19, 2024) (summary order).

2

After further communications between Swan and Sotheby's, Sotheby's subsequently rescinded the sale of the Drawing and filed an interpleader action in the Supreme Court of New York naming both Swan and Page. FAC ¶¶ 75, 81, 84, 85, 108. In 2020, the parties stipulated that Sotheby's would hold the Drawing in escrow while Swan and Page "adjudicate[d] their claims to title to [the Drawing] directly between themselves." [ECF No. 10-4]. Three days after the parties filed the stipulation, the state court dismissed the case with prejudice without adjudicating the underlying ownership dispute. [ECF No. 10-4].

Swan then filed this action against Sotheby's and Page on December 8, 2022. [ECF No. 1], and thereafter filed the First Amended Complaint. [ECF No. 10]. Sotheby's and Page moved to dismiss the First Amended Complaint in its entirety, which the Court granted. [ECF No. 27 ("Dismissal Order")]. Pertinent here, the Court dismissed the conversion claim against Page as time-barred, reasoning that Swan alleged that Page stole the Drawing and as such the applicable three-year limitations period began running roughly thirty years ago and has long since expired. Dismissal Order at 8-9. The Court also declined to entertain Swan's declaratory judgment claim that she was the rightful owner of the Drawing, reasoning that the legal issue "was already the subject of the interpleader action filed in New York Supreme Court." Dismissal Order at 13.

Swan appealed and the Second Circuit largely affirmed the Court's decision, but vacated the dismissal of the claims against Page for conversion and declaratory judgment. *See generally Swan*, 2024 WL 5165516. In vacating dismissal of the conversion claim, the Second Circuit held that Swan's First Amended Complaint can also be construed to allege that Page received the Drawing as an "unauthorized gift." *Swan*, 2024 WL 5165516, at *2 . Thus, the Second Circuit remanded for this Court "to consider any remaining arguments for dismissal in the first instance." *Id.* at *2. The Court also vacated dismissal of the declaratory judgment claim reasoning that the interpleader action did not resolve the issues in this case and thus directed this Court to consider

on remand whether the Court should exercise jurisdiction over Swan's declaratory judgment claim. *Id.* *3.

After the case was remanded, Page, proceeding *pro se*, submitted a three-page "Notice of Motion to Dismiss and Opposition to Claim of Ownership." [ECF No. 39 (the "Motion" or "Mot.")]. In this Motion, Page seeks to dismiss Swan's claim "regarding the ownership of" the Drawing and requests that the Court declare him the rightful owner. Mot. at 1-3. In response to the Motion, Plaintiff filed an Opposition (Opp'n). [ECF No. 44]. Defendant has not filed a reply and the deadline to do so has long passed.

Consistent with this Court's obligation to "liberally construe pleadings and briefs submitted by *pro se* litigants," the Court construes Page's motion as a motion to dismiss the FAC for failure to state a claim or alternatively to declare him the rightful owner of the Drawing. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court may also consider "documents attached to the complaint as an exhibit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Court must "liberally construe pleadings and briefs submitted by pro se litigants," and "read[ ] such submissions to raise the strongest arguments they suggest." *McLeod*, 864 F.3d at 156.

**DISCUSSION**

*Pro se* Plaintiff Page's bare-bones motion appears to raise four legal arguments in support of dismissal of Swan's First Amended Complaint, but cites no caselaw and supports each argument with a few bullet points each. The most significant argument and, indeed, only proper argument on a Rule 12(b)(6) motion to dismiss, is that Swan's conversion claim is time-barred by the applicable three-year statute of limitations even under the unauthorized gift theory recognized by the Second Circuit. Mot. at 2-3; *see also* N.Y. C.P.L.R. § 214(3) (providing a three-year statute of limitations for conversion).[3]  However, for the reasons set forth below, this argument fails at the motion to dismiss stage.

### I.    Page's Motion Is Not An Improper Successive Motion

As an initial matter, Swan argues that the current motion to dismiss is an improper successive motion under Federal Rule of Civil Procedure 12(g), which states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).  However, after recognizing the potential "unauthorized gift theory," the Second Circuit remanded this case with explicit instructions to "consider any remaining arguments for dismissal [of the conversion claim] in the first instance." *Swan*, 2024 WL 5165516, at *2.  Page now

---

[3] Page also argues that (1) he was properly gifted the Drawing from Rankin creating a valid *inter vivos* gift; (2) Plaintiff lacks standing because she has not established "any legal interest in the estate of Isaia Rankin or in Isaia NYC LLC" or that she has "any evidence of ownership or a right to claim" the Drawing; and (3) that Plaintiff's challenge should be against Isaia NYC LLC.  But these arguments, which are inadequately briefed as they are not supported by any caselaw and amount to a few bullet points each, are without merit as they raise factual arguments inappropriate for a motion to dismiss.  Indeed, contrary to Defendant's arguments, Swan alleges that the transfer of the Drawing to Defendant was not a valid gift and that she is a partner of Fertility, the business that allegedly owned the Drawing, and thus has alleged she has an interest in and standing to sue to recover the Drawing.  FAC ¶¶ 40, 64, 73, 110, 122.  For these reasons, the alternative request by Page for a declaration that he is the rightful owner of the Drawing is denied.

properly reiterates his arguments for dismissal even under the unauthorized "gift" claim recognized by the Second Circuit.

Moreover, Rule 12 bars "differing defenses listed in Fed. R. Civ. P. 12(b)(2)–(5), not differing arguments raised on a Fed. R. Civ. P. 12(b)(6) motion." *United States ex rel. Kolchinksy v. Moody's Corp.*, 238 F. Supp. 3d 550, 555 (S.D.N.Y. 2017); *see also In re OpenAI, Inc. Copyright Infringement Litig.*, No. 23-CV-10211, 2025 WL 3003339, at *4 (S.D.N.Y. Oct. 27, 2025) ("Courts in this District have . . . held that successive Rule 12(b)(6) motions are not procedurally improper.") (citation omitted) (collecting cases).  Further, judicial economy favors resolving the motion given Defendant could simply raise the same arguments under Rule 12(c). *In re OpenAI*, 2025 WL 3003339, at *4 (requiring defendant to refile its 12(b)(6) motion under 12(b)(c) would be inefficient); *Walia v. Napolitano*, No. CV112512SJFSIL, 2017 WL 10378189, at *8-9 (E.D.N.Y. Dec. 4, 2017) (same).

## II.    The Conversion Claim

Turning to the merits, because Plaintiff alleges that Page provided care to Rankin, which is arguably consideration for the alleged transfer of the Drawing, *see* FAC ¶¶ 41, 56, the answer to whether the conversion claim is time-barred on the unauthorized gift theory turns on whether Swan plausibly alleges that (1) Page is a good faith purchaser of the Drawing by reason of the care he provided Rankin such that the demand-and-refusal rule applies for statute of limitations purposes and (2) Page refused Swan's demand to return the Drawing sometime on or after December 8, 2019.  *See State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 260-62, 774 N.E.2d 702, 746 N.Y.S.2d 637 (2002) (reversing dismissal of conversion claim and reasoning that unauthorized gift of the subject property did not necessarily trigger the statute of limitations at the moment of conveyance such that the claim was time-barred where evidence permitted alternate conclusion that the recipient of the property was a bona fide purchaser); *see also State v. Seventh*

6

*Regiment Fund*, 13 Misc. 3d 222, 228, 822 N.Y.S.2d 383, 388 (N.Y. Sup. Ct. New York County 2006), *aff'd*, 51 A.D.3d 463, 857 N.Y.S.2d 547 (1st Dep't 2008) (concluding on remand that the recipient of a gift was nonetheless a good faith purchaser and explaining "[c]onsideration consists of either a benefit to the promisor or a detriment to the promise") (quotations omitted).

Unlike a thief who is in "wrongful possession" immediately and thus triggers the three-year statute of limitations at the moment of theft, *see Swain v. Brown*, 135 A.D.3d 629, 631, 24 N.Y.S.3d 598 (1st Dep't 2016), under New York law, a "demand-and-refusal rule" applies to good faith purchasers of allegedly stolen property. In such case, a cause of action against a "good-faith purchaser of a stolen chattel accrues when the true owner makes demand for return of the chattel and the person in possession of the chattel refuses to return it." *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 317-18, 569 N.E.2d 426, 429, 567 N.Y.S.2d 623, 626 (1991) ("Until demand is made and refused, possession of the stolen property by the good-faith purchaser is not considered wrongful."); *see also Seventh Regiment Fund*, 98 N.Y.2d at 261 (noting the anomalous rule in New York that "an owner who belatedly discovers the theft of a possession would rather sue a bona fide purchaser—against whom the conversion cause of action accrues upon demand and refusal—than a thief, against whom demand would be futile, and the claim accrues at once").

Here, drawing all reasonable inferences in Swan's favor, Swan plausibly alleges that Page is a good faith purchaser of the Drawing because he received the Drawing in exchange for "taking care of Mr. Rankin during his illness." FAC ¶¶ 41, 56. Swan does not otherwise allege that Page acted in bad faith in receiving the gift, and while Swan does not allege that Page *purchased* the Drawing, she does allege that Page provided consideration for the Drawing, which is sufficient to plausibly allege he is a good faith purchaser. *Seventh Regiment Fund*, 13 Misc. 3d at 228 (concluding on remand from New York Court of Appeals that the recipient of a gift was nonetheless a good faith purchaser and explaining: "[t]hat the conveyance was stated to be for one

dollar and other unspecified consideration does not mean that the purchase was not bona fide. Consideration consists of either a benefit to the promisor or a detriment to the promise. . . . Here, as stated, the consideration included the benefit [to the original owner] of believing that its property would be safely in the hands of defendant Fund, which would preserve the subject property.") (citation omitted).

Moreover, Swan plausibly alleges that Page did not refuse any demand for return of the drawing until on or after December 10, 2019, which would make her suit filed on December 8, 2022 timely under the three-year statute of limitations. *See* FAC ¶¶ 50-73 (alleging various communications between Swan, her counsel, and Sotheby's concerning her ownership of the Drawing but not clearly delineating any demand or refusal from Page himself prior to December 10, 2019); *see also* N.Y. C.P.L.R. § 214(3).[4] While at times unclear, Swan alleges that a formal demand for the Drawing was only made to Sotheby's on December 10, 2019, which was subsequently refused. FAC ¶¶ 73-76. Further, Swan alleges that the Drawing was not in Sotheby's or Page's possession until sometime after December 10, 2019. *See* FAC ¶¶ 68, 74 (alleging that on December 10, 2019 Sotheby's walked back its promise to rescind the sale and that the buyer still possessed the Drawing as of December 12, 2019). Accordingly, based on the allegations in the First Amended Complaint, Swan's claim is not clearly time-barred given that she filed suit on December 8, 2022, less than three years after any alleged refusal by Page to return the Drawing. *See* N.Y. C.P.L.R. § 214(3). Thus, Page's motion to dismiss on this basis is denied at the pleading

---

[4] The only clear-cut allegation concerning Page before December 10, 2019 is that on November 14, 2019, Sotheby's, in response to Swan's demand for the identity of the buyer so she could demand the return of the Drawing from that individual, stated that it would rescind the sale at Page's request and take the Drawing into its possession while Page and Swan resolved the issue of ownership. FAC ¶¶ 65-66. Based on this, the Court cannot conclude, without further discovery, that Swan demanded the return of the Drawing from Page, and Page refused, more than three-years before her December 8, 2022 lawsuit such that her conversion claim is now time-barred under the applicable three-year statute of limitations.

stage.  Discovery on these issues may further illuminate the applicability of the demand-and-refusal rule to the transfer of the Drawing from Rankin to Page.

Should discovery reveal that Page is not a good faith purchaser but rather a mere recipient of an unauthorized gift, the demand-and refusal rule would not apply, and Plaintiff's claim would be time-barred.  New York state courts have held that unauthorized or unlawful transfers of property trigger the statute of limitations upon conveyance.  *See New York City Transit Auth. v. New-York Hist. Soc'y*, 167 Misc. 2d 31, 34, 635 N.Y.S.2d 998, 1000 (N.Y. Sup. Ct. Kings County 1995) ("Since, under plaintiffs' theory of recovery, the purported gifts were unlawful at the time of each transfer, plaintiffs' causes of action for the return of the collections accrued and the Statute of Limitations began to run at the time of each transfer"), *aff'd*, 237 A.D.2d 419, 656 N.Y.S.2d 731 (2d Dep't 1997); *In re King*, 305 A.D.2d 683, 759 N.Y.S.2d 895 (2d Dep't 2003) ("Here, the initial transfer of estate property to Joseph Gaier was unauthorized and unlawful. Thus, the petitioner's cause of action accrued at the time of the transfer, which was between 1984 and 1986. Since the petitioner did not commence this proceeding until 1995, her claim to recover possession of the property is time-barred."); *see also In re Est. of Loew*, 38 Misc. 3d 1206(A), 966 N.Y.S.2d 347 (N.Y. Sur. Ct. Nassau County 2012) (recognizing the same and approvingly noting that where a wife of a decedent provided, without authority, decedent's Ferrari to a friend, "the cause of action began to run on the date the friend received the car, since his possession of it was not lawful").

### III.    Declaratory Judgment Claim

As for Swan's claim under the Declaratory Judgment Act requesting a declaration that she is the rightful owner of the Drawing, FAC ¶¶ 121-125, Page does not explicitly move for its dismissal.  Mot. at 1-3.  Indeed, Page suggests the opposite, as he requests that the Court declare that he is the rightful owner of the Drawing because he received it as a valid *inter vivos* gift. Mot. at 1-3. In any event, "district courts possess discretion in determining whether and when to

entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Second Circuit has identified six "non-exhaustive factors" that inform a district's court discretion to entertain a Declaratory Judgment Act claim:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

*Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023) (alterations accepted).

Having carefully considered the above factors and the remand of this claim by the Second Circuit, the Court exercises its discretion to entertain the declaratory judgment claim at this juncture. The Court recognizes that the interpleader action filed in New York Supreme Court has been inexplicably dismissed without resolving the disputed ownership of the Drawing and that the Stipulation merely provided that Swan and Page would adjudicate their claims between themselves. [ECF No. 10-4]. Thus, the claim for declaratory judgment in this action would be useful and could finalize the controversy in this case. The Court is not presented with any reason to believe the remaining factors counsel against entertaining the claim. Moreover, entertaining the claim is appropriate given that Swan has plausibly alleged a non-time-barred conversion claim and thus there remains a substantive claim for relief in this case. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) ("[A] court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief."); *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (holding that the Declaratory Judgment Act "gives a district court the discretion to declare the legal rights and other legal relations of any interested party seeking such

declaration. But that discretion does not extend to the declaration of rights that do not exist under law. Like a preliminary injunction, a declaratory judgment relies on a valid legal predicate"); *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) ("A plaintiff cannot maintain a claim for a declaratory judgment where the underlying substantive claim has been dismissed since the Declaratory Judgment Act only created a procedural mechanism and not an independent cause of action.") (citation omitted).

As noted, in moving to dismiss, Page seeks alternative relief declaring him the rightful owner of the Drawing.  Mot. at 3.  At this stage, granting of such relief is inappropriate given the numerous issues of fact with respect to rightful ownership of the Drawing.  Page is free to assert a counterclaim in his answer to the First Amended Complaint in which he seeks relief in the form of a declaration that he is the rightful owner of the Drawing.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.  Swan's request for oral argument is DENIED as moot.  The Clerk of Court is respectfully requested to terminate docket entry 39 and terminate Sotheby's Inc. from the case.

IT IS FURTHER ORDERED that Defendant Page shall file an answer to the First Amended Complaint within thirty (30) days of the entry of this Order.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant at the address of record.

**SO ORDERED.**

Date:  **March 26, 2026**                    _____
          **New York, NY**                              **MARY KAY VYSKOCIL**
                                                                  **United States District Judge**

11