**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

PHYLLIS SWAN,

                  Plaintiff,                          Case No. 1:22-cv-10406-MKV

     -against-

                                                      **Plaintiff's Answer To Defendant's Counterclaim(s)**

ROBERT EVERETT PAGE IV

                  Defendant.

------------------------------------------------------------x

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Plaintiff Phyllis Swan ("Plaintiff"), by and through undersigned counsel, hereby replies to Defendant Robert Everett Page IV's Counterclaim ("Counterclaim") and asserts the following statement and affirmative defenses.

**PRELIMINARY STATEMENT**

Defendant seeks a declaration that he is the lawful owner of the business artwork at issue in this action. However, Defendant's own factual allegations contained in the Counterclaim fail to establish any legally cognizable chain of title, ownership interest, or superior possessory right in the business artwork.

According to Defendant's Counterclaim, Defendant: (1) was an employee of Isaia Rankin, (2) received possession of the business artwork through a third party, who is not alleged to have owned the business artwork, (3) retained possession of the business artwork during and after Rankin's hospitalization and death, and (4) ultimately consigned the business artwork for sale decades later. Even accepting Defendant's allegations as true, those allegations do not establish lawful ownership or entitlement to declaratory relief.

Plaintiff denies Defendant's allegations as set forth below and asserts the affirmative defenses herein.

## REPLIES TO COUNTERCLAIM

Unless expressly admitted below, Plaintiff denies each and every allegation contained in the Counterclaim.

**Regarding Paragraph 9:**

Plaintiff denies the allegations contained in Paragraph 9 except admits that Isaia Rankin was a fashion designer and entrepreneur who relocated to New York City. Plaintiff denies that Rankin operated Fertility as a sole venture and alleges that Fertility was operated as a business partnership between Plaintiff and Rankin.

**Regarding Paragraph 10**:

Plaintiff admits that Rankin and Jean-Michel Basquiat were friends and that the business artwork was created as a prototype business card design for Fertility. Plaintiff denies the remaining allegations.

**Regarding Paragraph 11**:

Plaintiff admits that Plaintiff, Rankin, and Basquiat collaborated in connection with the

business artwork. Plaintiff denies that Fertility was not an existing business at the time the business artwork was created and denies that Plaintiff lacked any ownership or partnership interest in Fertility.

**Regarding Paragraph 12**:

Plaintiff admits that the business artwork was an early design concept. Plaintiff denies that the business artwork was solely the personal property of Basquiat and denies that the business artwork was not a business asset associated with Fertility.

**Regarding Paragraph 13**:

Plaintiff admits that Rankin employed Defendant. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

**Regarding Paragraph 14**:

Plaintiff admits that Rankin operated a business known as Isaia NYC. Plaintiff denies the remaining allegations and specifically denies that Plaintiff had no role in Isaia NYC.

**Regarding Paragraphs 15-25**:

Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15 through 25 and therefore denies those allegations except as expressly admitted in the Complaint and this Reply.

**Regarding Paragraph 26**:

Plaintiff denies the allegations contained in Paragraph 26 and denies that Defendant's possession of the business artwork was lawful or that Plaintiff had knowledge of Defendant's possession sufficient to trigger any duty of demand before discovery of the business artwork's

whereabouts.

**Regarding Paragraph 27**:

Plaintiff admits that Defendant consigned the business artwork to Sotheby's and that the business artwork was sold in October 2019. Plaintiff denies any allegation inconsistent with the Complaint.

**Regarding Paragraph 28**:

Plaintiff admits that she became aware of the location of the business artwork following its appearance at Sotheby's.

**Regarding Paragraph 29**:

Plaintiff admits that the parties entered into a stipulation reflected in the record of this action.

**Regarding Paragraph 30**:

Plaintiff denies the allegations contained in Paragraph 30 except to the extent reflected in the docket of this action.

**Regarding Paragraph 31**:

Plaintiff admits the existence and contents of the Second Circuit's decision, which speaks for itself.

**Regarding Paragraph 32**:

Plaintiff admits that this Court denied Defendant's motion to dismiss. Plaintiff denies Defendant's characterization of the legal effect of that ruling.

**Regarding Paragraph 33**:

Plaintiff denies that Defendant possesses any ownership interest in the business artwork

and denies the legal conclusions asserted therein.

**Regarding Paragraph 34**:

Plaintiff admits that a dispute exists concerning ownership of the business artwork. Plaintiff denies that Defendant is entitled to the declaratory relief sought.

**Regarding Paragraph 35**:

Plaintiff acknowledges Defendant's incorporation by reference.

**Regarding Paragraph 36**:

Plaintiff denies that Defendant is the lawful owner of the business artwork and denies each allegation inconsistent with Plaintiff's ownership claims.

**Regarding Paragraph 37**:

Plaintiff denies the allegations contained in Paragraph 37.

**Regarding Paragraph 38**:

Plaintiff admits the existence of an ownership dispute but denies that Defendant is entitled to declaratory relief.

**Regarding Paragraph 39**:

Plaintiff denies that Defendant is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Counterclaim fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Standing)

Defendant lacks standing to seek a declaration of ownership because the facts alleged in the Counterclaim do not establish his lawful title to the business artwork.

1. Defendant alleges that he was an employee and not an owner, partner, successor, beneficiary, or legal representative of Fertility or Isaia NYC.

2. Defendant further alleges that his possession of the business artwork originated from a third party who is not alleged to have held lawful title to the business artwork.

3. Defendant therefore fails to allege facts establishing a legally cognizable ownership interest sufficient to support declaratory relief.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Establish Chain of Title)

Defendant cannot prevail because the Counterclaim fails to allege a complete and legally sufficient chain of title. Under New York law, a transferee generally acquires no greater ownership interest than that possessed by the transferor. See *Howard Univ. v. Borders*, 588 F. Supp. 3d 457 (S.D.N.Y. 2022). This recent SDNY case further decided that an **unauthorized gift recipient** is subject to the same demand-and-refusal statute of limitations and burden of proof protocols imposed on bona fide purchasers.

1. Defendant's allegations do not establish that any individual who allegedly transferred possession of the business artwork possessed ownership rights sufficient to transfer title.

6

2.      Furthermore, because the business artwork inherently lists Plaintiff's name on its face explicitly identifying her as a proprietor of the business, the physical text of the asset itself provides *prima facie* evidence of Plaintiff's superior ownership and proprietary interest, which completely disproves Defendant's chain-of-title assertions.

3.      Accordingly, Defendant has failed to plead facts demonstrating superior ownership rights as against Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Declaratory relief is an equitable remedy.

1.      Defendant's ownership claim arises from conduct wherein Defendant acknowledges his role as a bailee who wrongfully retained possession of the business artwork—property intended for a hospitalized, non-verbal individual—based solely on Defendant's self-serving, unilateral assumptions.

2.      Defendant's alleged entitlement to ownership is inseparable from the conduct giving rise to the present dispute.

3.      Accordingly, Defendant is barred from obtaining equitable relief under the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant's claims are barred, in whole or in part, by the doctrines of judicial estoppel, equitable estoppel, and/or quasi-estoppel to the extent Defendant has asserted positions and judicial admissions concerning the provenance, ownership, or acquisition of the business artwork

that are inconsistent with Defendant's letters to this Court, filings and written interviews. Defendant's prior inconsistencies flatly contradict the Counterclaim. Plaintiff has attached letters to the court and a written interview between Defendant and Stephanie Sporn, which is noted in Paragraph 42 of Plaintiff's First Amended Complaint. See Exhibits A-C attached, highlighted text for ease of reference.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Dismiss Defendant's Counterclaim with prejudice;

B. Enter judgment in favor of Plaintiff on Defendant's request

   for declaratory relief;

C. Award Plaintiff costs and disbursements as permitted by law;

D. Grant such other and further relief as the Court deems just and proper.

Dated:  June 17, 2026

New York, New York

Respectfully submitted,

/s/ Renee Eubanks, Esq.

By: Renee Eubanks, Esq.

The Eubanks Law Firm, PLLC

535 Dean Street, Suite 618

Brooklyn, New York 11217

(212) 390-8949

renee.eubanks@eubanksfirm.com