**From:** **Robert Page** robertpageiv@gmail.com
**Subject:** Case Reference: 1: 22-cv-10406-MKV
**Date:** May 25, 2023 at 4:08 PM
**To:** temporary_pro_se_filing@nysd.uscourts.gov



To The Attention of
Hon. Mary Kay Vyskocil
Case Reference: 1: 22-cv-10406-MKV
In care of:
Pro Se Office
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Dear Judge Vyskocil,

In my last letter to the court I mistakenly gave the wrong P.O. Box number. My correct address is:

Robert Page
P. O. Box 346
Shelter Island Heights, NY 11964
646.331.0767
robertpageiv@gmail.com

I regret I have not received any correspondence yet from the court due to my typographical error.

Mr. Paul Cossu, counsel for Sotheby's, has shared his recent Motion to Dismiss. After reviewing Sotheby's Memorandum of Law in Support of Its Motion to Dismiss, I request that the case against me be dismissed for the reasons stated in the memorandum.

The drawing in question was a gift to me from Mr. Rankin. It was in thanks for caring for him throughout his long illness due to AIDS and as a token for our mutual deep affection, closeness and friendship. I was Mr. Rankin's sole care partner throughout his very long illness. I made every doctor's appointment and arranged for drug rehabilitation as he was also battling drug addiction. When he was hospitalized many times over many years, I visited him daily in Lenox Hill Hospital. When he eventually became hospitalized for prolonged months, I arranged for round the clock private nursing care until the time of his death.

At no time did I attempt to hide or conceal my ownership of the gift. There was a very small handful of us who worked for Isaia. Plaintiff alleges that she searched for almost 30 years and could have easily reached out to me or the others about the drawing. There has never been any attempt to contact me or any other employees of the firm at the time.

Miss Swan had no knowledge of the existence of the drawing before the sale was advertised and heavily marketed by Sotheby's in promotion of the auction. It was only then that she suddenly appeared with these baseless claims.

At various times since the Sotheby's auction, and her initial discovery of the drawings existence, the plaintiff has made claims of loss, fire and theft. There has never been any proof or evidence of any loss, fire or theft. There were no records nor police reports of any theft. There was no report of a fire and no record of a fire. There was never any insurance claim filed.

I respectfully ask the court to dismiss the case against me for the reasons stated clearly by Mr. Cossu, specifically in Argument II B pertaining to Statute of Limitations. Even if the false allegations were true, as Sotheby's states, the Plaintiff's conversion claim is barred by the statute of limitations and Plaintiff's claim to ownership of the drawing expired long ago and cannot withstand application of statute of limitations.

Plaintiff asserts the drawing to have been a "business asset" and claims to have co owned a business called Fertility with the late designer Isaia Rankin. Plaintiff did not own, nor was a partner in either Fertitility or Isaia Ltd, and cannot present any proof of ownership or partnership in either business. Therefore the notion of the work being a business asset must be refuted.

For the foregoing reasons including the facts in the more detailed Motion to Dismiss by Sotheby's, with which I fully concur, I respectfully request the Court dismiss Plaintiff's First Amended Complaint and that the drawing be returned to me, it's rightful owner.

Sincerely,

Signed

Robert Page