**Studio Legal**

Studio Legal LLP
447 Broadway
2nd Floor #388
New York, NY 10013
thomas@studiolegal.xyz

**BY ECF TO:**
VyskocilNYSDChambers@nysd.uscourts.gov

July 1, 2026

Honorable Mary Kay Vyskocil
United States Courthouse
500 Pearl St., New York
NY 10007

**RE:** *Phyllis Swan v. Robert Everett Page IV*, No. 1:22-cv-10406 (MKV)
Opposition to Pre-Motion Letter Requesting Leave to File a Rule 12(c) Motion

Dear Judge Vyskocil:

Pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases, we write to oppose Plaintiff's request for a pre-motion conference regarding Plaintiff's contemplated Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff does not identify any viable basis for judgment on the pleadings. Rather, it asks the Court to resolve disputed factual issues in Plaintiff's favor, based on a misreading of Defendant's Answer and a mischaracterization of the allegations in Defendant's Counterclaim. A pre-motion conference is unwarranted and the Court should decline to authorize the contemplated motion.

### 1. Plaintiff's Contemplated Motion Fails under the Applicable Standard

The standard for judgment on the pleadings under Rule 12(c) is identical to that governing a motion to dismiss: the Court must accept all well-pled allegations in the non-movant's pleading as true, draw all reasonable inferences in the non-movant's favor, and may not grant the motion unless no set of facts would entitle the non-movant to relief. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

Plaintiff's contemplated motion fails for precisely this reason. Plaintiff's letter treats as established the premise that the Drawing was a Fertility business asset and that the "Proprietors Isaia Rankin Phyllis Swan" inscription establishes Plaintiff's ownership interest. Defendant's Answer affirmatively denies both. (Answer ¶¶ 62–63.) Rather, the Counterclaim alleges that Plaintiff "had no ownership or partnership interest in any of Rankin's businesses at any time" (Countercl. ¶ 11) and that the Drawing "was never finalized or used to create any business materials" and instead "remained the personal property of Basquiat from the time of its creation until his death" (Countercl. ¶ 12). These allegations directly contradict the factual predicate for Plaintiff's chain-of-title and partnership-property arguments and cannot be resolved on the pleadings in Plaintiff's favor.

1

Plaintiff's letter also suggests that Defendant has conceded the applicability of the demand-and-refusal rule. Not so. The Counterclaim affirmatively alleges that the Drawing passed to Defendant from Jennifer Goode in 1989 and remained in his possession from that point forward. It further alleges that Defendant kept the Drawing based on his relationship with Rankin and his understanding that Rankin wanted him to keep it, but not pursuant to any caregiving arrangement or other agreement with Rankin. It also alleges that Defendant gave no consideration for the Drawing. (Countercl. ¶¶ 9, 23, 33.) These allegations must be taken as true at the pleading stage.

In denying Defendant's motion to dismiss, this Court considered *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 317–18 (1991), *Swain v. Brown*, 135 A.D.3d 629, 631 (1st Dep't 2016), and *State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 261 (2002), and stated the applicable rule: unlike a thief, whose possession is wrongful from the moment of theft, a good-faith purchaser's possession becomes wrongful only after a demand for return has been refused. If Defendant is not a good-faith purchaser, the demand-and-refusal rule does not apply. This Court held that the good-faith-purchaser question would be illuminated by discovery, and that "[s]hould discovery reveal that Page is not a good faith purchaser but rather a mere recipient of an unauthorized gift, the demand-and-refusal rule would not apply, and Plaintiff's claim would be time-barred." *Swan v. Page*, 2026 WL 836655, at *5 (S.D.N.Y. Mar. 26, 2026). Plaintiff's motion asks the Court to resolve, on the pleadings and without discovery, the very question this Court has already said discovery is needed to answer.

Finally, Plaintiff cites *Mirvish v. Mott*, 18 N.Y.3d 510, 517, 519 (2012), for the proposition that any statute-of-limitations issue is "moot" given the parties' Stipulation. But the party asserting the statute of limitations in *Mott* had separately agreed, by contract, that a court would decide ownership on the merits, and could not use the limitations defense to avoid that determination. The Stipulation here contains no such commitment: it provides only that Sotheby's would hold the Drawing "pending an instruction from the Court, or by both of the Claimants," and that Plaintiff and Page would "continue to adjudicate their claims to title to artwork directly between themselves." It says nothing about waiving statute-of-limitations defenses between them.

### 2.  Plaintiff Asks the Court to Resolve Disputed Credibility Issues

Plaintiff's letter states that Defendant's pro se filings "affirmatively represented to the Court as a matter of fact that Mr. Rankin personally and explicitly gifted him the business artwork," and that Defendant's "ownership claims are barred by judicial and equitable estoppel" as a result. This is incorrect. Courts liberally construe *pro se* submissions out of a recognition that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Consistent with that principle, courts in this District have declined to use a *pro se* litigant's own earlier, superseded filings to resolve a disputed factual or credibility question against him. In *Holland v. City of New York*, the court declined to weigh a *pro se* plaintiff's original, superseded complaint against the sincerity of allegations in his operative pleading, explaining that "[p]rior inconsistent pleadings... are controvertible, not

2

conclusive, admissions," and that "the more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course." 197 F. Supp. 3d 529, 539 n.9 (S.D.N.Y. 2016) (citation omitted). That reasoning applies with at least equal force to a *pro se* litigant's earlier, informal submissions, made without the benefit of counsel and before the operative pleading in this case. Defendant's *pro se* filings remain part of the record and may bear on credibility as this case proceeds, but they provide no basis to grant judgment on the pleadings.

### 3. Scheduling & Discovery

Plaintiff's letter requests that the pre-motion conference "occur on the initial conference date, July 30, 2026." There is no scheduled conference on that date. July 30, 2026 is the extended deadline for the parties' Joint Letter and Proposed Case Management Plan; no Initial Pretrial Conference has been scheduled in this matter. To the extent the Court determines a pre-motion conference is warranted, undersigned counsel respectfully notes he will be traveling and unavailable until July 19, 2026, and requests that any such conference be scheduled thereafter.

Plaintiff's certificate of service further states that "both parties did consent to maintaining the current discovery stay through the July 30, 2026 conference date in light of the pending motion." No such consent was given: the parties' agreement was limited to seeking a thirty-day extension of the deadline to file the Joint Letter and Proposed Case Management Plan (ECF No. 55). There is currently no stay of discovery in this case. To the contrary, the Court's June 9, 2026 Scheduling Order directs that "the parties shall immediately commence discovery." (ECF No. 52).

We are grateful for the Court's consideration.

Respectfully submitted,

*/s/Thomas Touchie*

Thomas Touchie
**Studio Legal LLP**

CC (via ECF): Renee Eubanks

3